## TOWNSEND *a.* GOELET.

*Supreme Court, First District; Special Term, October,* 1860.

### CLOUD ON TITLE.—PARTIES.

A grantor who has no longer any interest in the land, cannot maintain an action to remove an apparent lien thereon, as being a cloud on the title, on the ground that he agreed with his grantee that he would procure the lien to be discharged.

Demurrer to complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The substance of the complaint is contained in the following opinion.

*Elbridge T. Gerry*, for defendant.

*Beebe, Dean, & Donahue*, for plaintiff.

BONNEY, J.—The complaint in this action states, that on 27th June, 1859, the plaintiff and his wife conveyed certain lands in the city of New York to John P. Townsend, by deed recorded 28th June; that such conveyance (absolute on its face as I understand the allegation) was in fact made to secure John P. Townsend against loss by reason of his executing an undertaking on an appeal by the plaintiff from a judgment recovered against him and another, and that John P. Townsend had no interest in the lands, except as a trustee for the use or benefit of plaintiff and the other defendant in such judgment, and John P. Townsend paid no consideration for the conveyance to him; that in November, 1859, plaintiff sold said lands to John B. Corlies for $50,000, subject to mortgages for $33,000, and the balance of the purchase-money was paid to plaintiff; and at plaintiff's request, John P. Townsend and wife, by deed containing covenants of warranty, and against incumbrances, conveyed such lands to said Corlies; that defendant Goelet recovered a judgment in the Superior Court of New York against John P. Townsend, docketed on 7th March, 1859, for $79.19; and the other defendants in this action have also recovered judgments against him which appear to be liens on the lands; in consequence of which, Corlies cannot sell the said lands without great loss; that at the time of the sale and conveyance to Corlies, plaintiff agreed with him " to procure the said premises to be released and discharged from the lien and operation of the said judgments against the said John P. Townsend," and gave him security for the performance of that agreement, and plaintiff prays this court to adjudge that said judgments against John P. Townsend are no lien or incumbrance on said lands, and that the judgment-creditors release the lands therefrom, &c.

The defendant Goelet has demurred to the complaint.

In my opinion, the demurrer is well taken. The plaintiff, on his own showing, has no title to an interest in the lands upon which the judgment of Goelet is an apparent lien. All the title and interest he ever had therein have been conveyed to, and are vested in, Corlies; between whom and Goelet the question of

the effect upon these lands of the judgment recovreed by the latter against John P. Townsend, arises. If, as was urged by plaintiff's counsel on the argument, the lien be merely apparent, and the judgment only a cloud upon the title, it is upon the title in Corlies that the cloud rests. The apparent incumbrance and lien were obtained by Goelet after the title passed from plaintiff, and he is in no wise privy, or party to, or connected with the judgment, and has not covenanted against it, even if the deed by which he conveyed the lands contained any covenant, which does not appear from this complaint. Being no party to the judgment, nor holding title to the land apparently incumbered thereby, the plaintiff, as he states, agreed to procure the lands to be discharged from the lien of the judgment. I cannot see that such agreement can authorize him to maintain this action against parties, with whom, before making that agreement, he had no privity or relation whatever.

The view which I have taken of the case renders it unnecessary for me to consider whether the defendant has, upon the facts stated, a valid and substantial, or only an apparent lien on the lands in question.

Judgment must be rendered for defendant on the demurrer, with leave to plaintiff to amend the complaint in twenty days, on payment of costs.